1 │ James J. Moak (Bar No. 82393)
jmoak@mmhllp.com

2 │ Charles K. Chineduh (Bar No. 273258)
cchineduh@mmhllp.com

3 │ MESERVE, MUMPER & HUGHES LLP
800 Wilshire Boulevard, Suite 500

4 │ Los Angeles, California 90017-2611
Telephone: (213) 620-0300

5 │ Facsimile: (213) 625-1930

6 │ Attorneys for Plaintiff in Interpleader
AMERICAN NATIONAL INSURANCE

7 │ COMPANY

> **FILED**
>
> SEP 24 2015
>
> CLERK U.S. BANKRUPTCY COURT
> CENTRAL DISTRICT OF CALIFORNIA
> BY:                    Deputy Clerk

8 │ ## UNITED STATES BANKRUPTCY COURT

9 │ ## CENTRAL DISTRICT OF CALIFORNIA

10 │

11 │ JOSEPH FRANCIS BARTHOLOMEW )    Case No. 8:14-BK-13214-TA

12 │      Debtor. )

13 │ _____ )    Adv. Pro. No.:

14 │ AMERICAN NATIONAL INSURANCE
COMPANY, )    **COMPLAINT IN**

15 │      Plaintiff in Interpleader, )    **INTERPLEADER**

16 │      vs. )

17 │ JOSEPH FRANCIS BARTHOLOMEW;
MBP INSURANCE SERVICES, INC.; )

18 │ LAPRIMA INVESTMENTS LTD.;
WESTDALE CONSTRUCTION CO. )

19 │ LIMITED; BROWSIDE
INTERNATIONAL LIMITED, )

20 │      Defendants in Interpleader. )

21 │ _____ )

22 │      Plaintiff AMERICAN NATIONAL INSURANCE COMPANY ("ANICO"),

23 │ by way of Complaint in Interpleader, alleges as follows:

24 │ ## INTRODUCTION

25 │      1.      This is an interpleader action brought under Rule 22 of the Federal

26 │ Rules of Civil Procedure, as made applicable by Rule 7022 of the Federal Rules of

27 │ Bankruptcy Procedure, for the purpose of obtaining adjudication of the respective

28 │ rights of the Interpleader Defendants with respect to certain commissions payable for

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

1

Case No. 8:14-BK-13214-TA
COMPLAINT IN INTERPLEADER

140846.1

1  the renewals of ANICO insurance policies.  ANICO faces competing claims from the

2  Interpleader Defendants as to those commission payments, and cannot determine,

3  without hazard to itself, how to proceed.

4  ## THE PARTIES

5     2.    ANICO is a corporation organized and existing under the laws of the

6  State of Texas, with its principal place of business in the State of Texas.  ANICO is

7  authorized to transact, and is transacting, the business of insurance in the State of

8  California.

9     3.    ANICO is informed and believes, and on that basis alleges that

10 Defendant JOSEPH FRANCIS BARTHOLOMEW ("Bartholomew") is a natural

11 citizen and resident of the State of California, County of Orange, and was at all times

12 relevant hereto, an insurance producer engaged in the business of producing and

13 servicing insurance policies, and regularly doing so in the State of California.

14 Bartholomew once produced and serviced insurance policies for ANICO.

15    4.    ANICO is informed and believes, and on that basis alleges that

16 Defendant MBP INSURANCE SERVICES, INC. ("MBP") is a currently suspended

17 corporation which is organized under the laws of the State of California, with its

18 principal place of business located at 23046 Avenida de la Carlota, Suite 240,

19 Laguna Hills, California 92653.   MBP is a citizen of the State of California.

20 Bartholomew is the president and chief executive officer of MBP, and MBP was also

21 involved in the procurement of insurance policies for ANICO.

22    5.    Defendants Bartholomew and MBP shall hereinafter be collectively

23 referred to as ("Judgment Debtors").

24    6.    ANICO is informed and believes, and on that basis alleges that

25 Defendant LAPRIMA INVESTMENTS LIMITED ("Laprima") is a corporation

26 incorporated under the laws of the Province of Ontario, Country of Canada.

27    7.    ANICO is informed and believes, and on that basis alleges that

28 Defendant WESTDALE CONSTRUCTION CO. LIMITED ("Westdale") is a

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140846.1

2

Case No. 8:14-BK-13214-TA
COMPLAINT IN INTERPLEADER

1  corporation incorporated under the laws of the Province of Ontario, Country of

2  Canada.

3      8.    ANICO is informed and believes, and on that basis alleges that

4  Defendant BROWSIDE INTERNATIONAL LIMITED ("Browside") is a

5  corporation incorporated under the laws of the Country of Mauritius.

6      9.    Defendants Laprima, Westdale and Browside shall hereinafter be

7  collectively referred to as ("Judgment Creditors").

8  **JURISDICTION AND VENUE**

9      10.    This Court has subject matter jurisdiction over this action pursuant to 28

10  U.S.C. § 1334 because this matter is a Core proceeding in bankruptcy as set forth in

11  28 U.S.C. § 157(b)(2).

12      11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1409(a)

13  because it is the judicial district where this case is currently pending.

14  **FACTS**

15      12.    At all relevant times, Bartholomew and/or MBP earned and continue to

16  earn certain commissions payable for the renewals of ANICO insurance policies that

17  were produced by Bartholomew and/or MBP (the "Commission Payments").

18      13.    By letter dated January 16, 2014, counsel for the Judgment Creditors

19  notified ANICO that it had obtained a judgment against the Judgment Debtors, and

20  that the Superior Court of California for the County of Orange had granted an

21  Assignment Order in favor of the Judgment Creditors that directed third-parties

22  (including ANICO), from whom payments were currently due, or may become due,

23  to instead pay the Judgment Creditors. Attached hereto as **Exhibit 1** is a true and

24  correct copy of the January 16, 2014 letter along with the Orange County Superior

25  Court Assignment Order.

26      14.    Thereafter, ANICO began making the Commission Payments as

27  directed by the Orange County Superior Court's Assignment Order.

28  ///

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140846.1

3

Case No. 8:14-BK-13214-TA
COMPLAINT IN INTERPLEADER

1     15.    ANICO is informed and believes, and on that basis alleges that on or

2  about January 31, 2014, the Commission Payments payable to MBP were assigned to

3  Bartholomew.

4     16.    On or about June 9, 2014, ANICO received a Notice of Bankruptcy

5  Case Filing filed by Bartholomew with the United States Bankruptcy Court, Central

6  District of California on May 21, 2014 (the "Bankruptcy Case"). The filing of the

7  Bankruptcy Case required the stay of certain collection actions against Bartholomew

8  and his property and prohibited any further collection attempts. Attached hereto as

9  **Exhibit 2** is a true and correct copy of the Notice of Bankruptcy Case Filing.

10    17.    By letter dated June 10, 2014, ANICO notified counsel for the Judgment

11  Creditors that, as a result of its receipt of the Notice of Bankruptcy Case Filing, it

12  had stayed its enforcement of the Assignment Order. A copy of ANICO's June 10,

13  2014 letter was also sent to counsel for the Judgment Debtors. Attached hereto as

14  **Exhibit 3** is a true and correct copy of ANICO's June 10, 2014 letter.

15    18.    By facsimile letter dated June 20, 2014, counsel for the Judgment

16  Creditors demanded that ANICO remit all Commission Payments due to MBP

17  pursuant to the Assignment Order, notwithstanding the personal bankruptcy filing of

18  Bartholomew. Attached hereto as **Exhibit 4** is a true and correct copy of the June

19  20, 2014 letter.

20    19.    In an August 11, 2014 email to ANICO, counsel for the Judgment

21  Creditors renewed their request that ANICO send it all Commission Payments

22  payable to MBP pursuant to the Assignment Order, and threatened that if the

23  Commission Payments were not paid to them, they would file a Motion for

24  Contempt. Attached hereto as **Exhibit 5** is a true and correct copy of the August 11,

25  2014 email.

26    20.    By letter dated October 16, 2014, Bartholomew's new counsel renewed

27  his request to ANICO that all Commission Payments due to him and being held

28  pursuant to the Assignment Order, should be forwarded to him pursuant to the stay

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140846.1

4

Case No. 8:14-BK-13214-TA
COMPLAINT IN INTERPLEADER

1    provided by his bankruptcy filing, and if such monies were not sent to Batholomew,

2    he would file an Order to Show Cause why ANICO should not be deemed in

3    contempt of the automatic stay of the bankruptcy filing. Attached hereto as **Exhibit**

4    **6** is a true and correct copy of the October 16, 2014 letter.

5         21.    As a result, a dispute has arisen as to whom the Commission Payments

6    under the ANICO insurance policies should be paid.

### APPROPRIATENESS OF INTERPLEADER

8         22.    ANICO is informed and believes, and on that basis alleges, that a

9    controversy exists with respect to who is entitled to the Commission Payments

10   generated by the renewals of ANICO insurance policies originally produced by

11   Bartholomew and/or MBP, due to the rival claims of Defendants Laprima, Westdale

12   and Browside on the one hand, and Defendants Bartholomew and MBP on the other

13   hand.

14        24.    ANICO alleges that there are Commission Payments payable for the

15   renewals of ANICO insurance policies produced by Bartholomew and/or MBP.

16        25.    ANICO claims no beneficial interest in said Commission Payments, as

17   it is a mere stakeholder with respect to the Commission Payments. ANICO has at all

18   times been, and is now, ready, willing and able to pay the commissions that have

19   been earned (and could be earned) for the renewals of ANICO insurance policies

20   produced by Bartholomew and/or MBP. As a result of the facts and circumstances

21   set forth above, which relate to actual conflicting claims for the Commission

22   Payments, ANICO cannot definitively or safely determine to whom payment of these

23   commissions should be made. As a consequence, ANICO cannot disburse the

24   Commission Payments at issue without incurring significant risks of multiple

25   liability and duplicative litigation.

26        26.    This Complaint in Interpleader is brought in good faith and without

27   collusion with any of the Defendants.

28   ///

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140846.1

5

Case No. 8:14-BK-13214-TA
COMPLAINT IN INTERPLEADER

27.     This action is necessary for ANICO to avoid a multiplicity of actions, unnecessary costs, attorneys' fees, and expenses of suit, and to prevent irreparable damage to ANICO.

28.     As a result of the conflicting claims or potential claims to the Commission Payments, ANICO has incurred attorneys' fees and costs and continues to incur attorneys' fees and costs to investigate and establish the facts pertinent to the conflicting claims or potential claims for commissions payable.  To that end, ANICO has retained the firm of Meserve, Mumper & Hughes LLP to provide legal services and to protect ANICO's interests.  ANICO has agreed to pay Meserve, Mumper & Hughes LLP reasonable attorneys' fees for its services.  ANICO requests that its costs and reasonable attorneys' fees incurred in the filing and prosecution of this action be reimbursed from the Commission Payments payable for the renewals of ANICO insurance policies produced by Bartholomew and/or MBP.

## **PRAYER FOR RELIEF**

WHEREFORE, ANICO respectfully requests that this Court grant the following relief:

1.      That Interpleader Defendants be required to interplead together concerning their respective claims to the Commission Payments and any other property in dispute generated from the renewals of the relevant ANICO insurance policies;

2.      That ANICO, upon final judgment determining the rights of the Interpleader Defendants, cause disbursements of the Commission Payments to be made in accordance with the Court's direction;

3.      That pending such final judgment, no Commission Payments shall be paid by ANICO unless so ordered by the Court;

4.      That Interpleader Defendants and all parties acting with or through them are restrained from commencing or prosecuting any separate proceeding against ANICO relating to the Commission Payments;

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

140846.1

6

Case No. 8:14-BK-13214-TA
COMPLAINT IN INTERPLEADER

1    5.    That ANICO be awarded its costs and attorneys' fees incurred in

2  prosecuting this action and be discharged from liability as to all the parties; and

3    6.    That this Court decree this Complaint in Interpleader to be properly

4  filed and brought in good faith; and

5    7.    For such other and further relief as the Court deems just, proper and

6  equitable.

7

8  Dated:  September 24, 2015        MESERVE, MUMPER & HUGHES LLP
                                     James J. Moak
9                                    Charles K. Chineduh

10

11                                   By: _____

12                                       Charles K. Chineduh
                                         Attorneys for Plaintiff in Interpleader
13                                       AMERICAN NATIONAL
                                         INSURANCE COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

                                     7                    Case No. 8:14-BK-13214-TA
                                                          COMPLAINT IN INTERPLEADER
140846.1

# EXHIBIT 1

Exhibit 1
008



# KUSHNER CARLSON
#### PC

January 16, 2014

**VIA FACSIMILE AND REGULAR MAIL**
American National Insurance Company
**Attn: Legal Department**
One Moody Plaza
Galveston, Texas 77550
*Fax No. (409) 766-6563*

Re:    *Laprima Investments Ltd., et al. v. MBP Insurance Services, Inc., et al.*

Dear Sir or Madam,

This law firm represents Laprima Investments Ltd, Westdale Construction Co. Limited, and Browside International Limited (collectively, the "Judgment Creditors") in the above-referenced matter. Last year, the Judgment Creditors obtained a judgment against Joseph Francis Bartholomew and MBP Insurance Services, Inc. (collectively, the "Judgment Debtors"). On January 7, 2014, the Orange County Superior Court granted an Assignment Oder in my clients' favor, ordering American National Insurance Company ("ANIC") and other third parties that owe money to the Judgment Debtors, to instead pay this law firm on the Judgment Creditors' behalf. A copy of the court's Assignment Order is enclosed for your review.

The Court's Order requires that ANIC tenders all future payments owed to the Judgment Debtors to this office. Checks should be made out to the "Kushner Carlson Atty-Client Trust Acct" and mailed to attorney Michael B. Kushner at: 15 Enterprise, Suite 110, Aliso Viejo, CA 92656. Please take notice that if you fail to deliver to my possession payments owed to the Judgment Debtors, you will be subject to future contempt of court proceedings.

Should you have any questions or concerns regarding the foregoing, please feel free to contact either Mr. Kushner or I to discuss the matter.

Sincerely yours,

Robert Paredes

Encl.

RPAREDES@KUSHNERCARLSON.COM
15 ENTERPRISE, SUITE 110, ALISO VIEJO, CA 92656
PHONE 949.421.3030  •  FAX 949.421.3031

Exhibit 1
009

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
01/03/2014 at 01:43:08 PM
Clerk of the Superior Court
By Amy Van Arkel, Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 07 2014

ALAN CARLSON, Clerk of the Court

ppiuf
BY P CIEF

1  MICHAEL B. KUSHNER (State Bar No. 196224)
ROBERT PAREDES (State Bar No. 255329)
2  Kushner Carlson
A Professional Law Corporation
3  15 Enterprise, Suite 110
Aliso Viejo, CA 92656
4  Telephone: (949) 421-3030
Telecopier: (949) 421-3031

5

6  Attorneys for Plaintiffs

7

8        THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF ORANGE

10

11  LAPRIMA INVESTMENTS LTD., et al.          Case No.: 30-2012-00559255-CU-BC-CJC

12          Plaintiffs,                       *Assigned for All Purposes to:*
                                              *The Honorable Thierry Patrick Colaw,*
13      vs.                                   *Dept. C25*

14  MBP INSURANCE SERVICES, INC., et al.      [PROPOSED] ORDER OF ASSIGNMENT;
                                              RESTRAINING ORDER
15          Defendants.

16

17

18        Plaintiffs and judgment creditors Laprima Investments Ltd., Westdale Construction Co.

19  Limited, and Browside International Limited's (collectively, the "Plaintiffs" and/or "Judgment

20  Creditors") Motion for an Assignment Order (the "Motion") in connection with the June 19, 2013

21  judgment in this Action in the sum of $7,473,220.81 (the "Judgment") came on for hearing on January

22  3, 2014.  Appearances were set forth on the record.

23        After reviewing the moving papers and hearing oral argument of counsel, the COURT orders

24  the following:

25        1.      Defendants and judgment debtors MBP Insurance Services, Inc. ("MBP") and Joseph

26  Francis Bartholomew ("Bartholomew") (collectively, MBP and Bartholomew are the "Defendants"

27  and/or "Judgment Debtors") their agents, and all those acting in concert with Judgment Debtors ARE

28

                                              1

                [PROPOSED ] ORDER OF ASSIGNMENT; RESTRAINING ORDER

Exhibit 1
010

HEREBY RESTRAINED and ENJOINED from assigning or otherwise disposing of the right to payments ordered to be assigned herein until such Judgment is fully satisfied and/or this Order is amended;

    2.    That the following rights to payment of Judgment Debtors hereby are assigned to the Judgment Creditors, until such time as the as the Judgment herein is fully satisfied or this order is amended: any and all payments due from the "Obligors" -- defined as any and all persons and/or entities from whom (or which) payments are currently due, or may become due, to the Judgment Debtors including the following Obligors:

    2.1.    Mutual of Omaha Insurance Company;

    2.2.    United American Insurance Company; and

    2.3.    American National Insurance Company.

    3.    That the Obligors shall make any payments now due, or to become due, to the Judgment Creditors directly in care of their attorneys, Kushner Carlson, PC, 15 Enterprise, Suite 110, Aliso Viejo, California 92656, to be applied to the Judgment herein until such Judgment is fully satisfied and/or this Order is amended;

    4.    That the payments due, or to become due, from Obligors shall include payments made to third parties on behalf of the Judgment Debtors; and

    5.    That should Judgment Debtors receive any payments from any Obligors, the Judgment Debtors shall immediately pay said payments to the Judgment Creditors in care of the Judgment Creditors' attorneys.

    NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT DEBTORS TO COMPLY WITH THIS ORDER MAY SUBJECT THE JUDGMENT DEBTORS TO BE HELD IN CONTEMPT OF COURT.

    **IT IS SO ORDERED.**

DATED: 1-7-1?    By: _____

                            JUDGE OF THE SUPERIOR COURT

2

[PROPOSED ] ORDER OF ASSIGNMENT; RESTRAINING ORDER

Exhibit 1
011

**PROOF OF SERVICE**

STATE OF CALIFORNIA }
                     } ss.
COUNTY OF ORANGE   }

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 15 Enterprise, Suite 110, Aliso Viejo, CA 92656.

On January 3, 2014, I served the following document(s) described as follows:

**[PROPOSED] ORDER OF ASSIGNMENT; RESTRAINING ORDER**

On the following interested parties in this action:

James Francis Bartholomew
MBP Insurance Services
25011 Calle Arenal
Lake Forest, CA 92630
Tel: (949) 456-9509

☒ **VIA MAIL — CCP §1013(a).** I caused a true copy of said document(s) to be placed in a sealed envelope, addressed as above and placed for collection and processing under the firm's ordinary course of business. I am readily familiar with Kushner Carlson's practice of collecting, processing and depositing correspondence for mailing. Under this practice, envelopes would be deposited with the United States Postal Service at Aliso Viejo, California the same day with postage thereon fully prepaid.

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on January 3, 2014, at Aliso Viejo, California.

Taunya L. Healey

Proof Of Service

Exhibit 1
012

# >|C

# KUSHNER CARLSON
PC

January 16, 2014

**VIA FACSIMILE AND REGULAR MAIL**
American National Insurance Company
**Attn: Legal Department**
One Moody Plaza
Galveston, Texas 77550
*Fax No. (409) 766-6663*

Re:     *Laprima Investments Ltd., et al. v. MBP Insurance Services, Inc., et al.*

Dear Sir or Madam,

     This law firm represents Laprima Investments Ltd, Westdale Construction Co. Limited, and Browside International Limited (collectively, the "Judgment Creditors") in the above-referenced matter. Last year, the Judgment Creditors obtained a judgment against Joseph Francis Bartholomew and MBP Insurance Services, Inc. (collectively, the "Judgment Debtors"). On January 7, 2014, the Orange County Superior Court granted an Assignment Oder in my clients' favor, ordering American National Insurance Company ("ANIC") and other third parties that owe money to the Judgment Debtors, to instead pay this law firm on the Judgment Creditors' behalf. A copy of the court's Assignment Order is enclosed for your review.

     The Court's Order requires that ANIC tenders all future payments owed to the Judgment Debtors to this office. Checks should be made out to the "Kushner Carlson Atty-Client Trust Acct" and mailed to attorney Michael B. Kushner at: 15 Enterprise, Suite 110, Aliso Viejo, CA 92656. Please take notice that if you fail to deliver to my possession payments owed to the Judgment Debtors, you will be subject to future contempt of court proceedings.

     Should you have any questions or concerns regarding the foregoing, please feel free to contact either Mr. Kushner or I to discuss the matter.

Sincerely yours,

Robert Paredes

Encl.

Exhibit 1
013

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
01/03/2014 at 01:43:28 PM
Clerk of the Superior Court
By Amy Van Arkel, Deputy Clerk

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**JAN 07 2014**

ALAN CARLSON, Clerk of the Court

*ppw*

BY D. DIEF

1  MICHAEL B. KUSHNER (State Bar No. 196224)
   ROBERT PAREDES (State Bar No. 255329)
2  Kushner Carlson
   A Professional Law Corporation
3  15 Enterprise, Suite 110
   Aliso Viejo, CA  92656
4  Telephone: (949) 421-3030
   Telecopier: (949) 421-3031

5

6  Attorneys for Plaintiffs

7

8          THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ORANGE

10

11 LAPRIMA INVESTMENTS LTD., et al.        Case No.:  30-2012-00559255-CU-BC-CJC

12             Plaintiffs,                 *Assigned for All Purposes to:*
                                           *The Honorable Thierry Patrick Colaw,*
13     vs.                                 *Dept. C25*

14 MBP INSURANCE SERVICES, INC., et al.    [PROPOSED] ORDER OF ASSIGNMENT;
                                           RESTRAINING ORDER
15             Defendants.

16

17

18         Plaintiffs and judgment creditors Laprima Investments Ltd., Westdale Construction Co.

19 Limited, and Browside International Limited's (collectively, the "Plaintiffs" and/or "Judgment

20 Creditors") Motion for an Assignment Order (the "Motion") in connection with the June 19, 2013

21 judgment in this Action in the sum of $7,473,220.81 (the "Judgment") came on for hearing on January

22 3, 2014.  Appearances were set forth on the record.

23         After reviewing the moving papers and hearing oral argument of counsel, the COURT orders

24 the following:

25         1.      Defendants and judgment debtors MBP Insurance Services, Inc. ("MBP") and Joseph

26 Francis Bartholomew ("Bartholomew") (collectively, MBP and Bartholomew are the "Defendants"

27 and/or "Judgment Debtors") their agents, and all those acting in concert with Judgment Debtors ARE

28

                                           1
               [PROPOSED ] ORDER OF ASSIGNMENT; RESTRAINING ORDER

Exhibit 1
014

1  HEREBY RESTRAINED and ENJOINED from assigning or otherwise disposing of the right to

2  payments ordered to be assigned herein until such Judgment is fully satisfied and/or this Order is

3  amended;

4      2.    That the following rights to payment of Judgment Debtors hereby are assigned to the

5  Judgment Creditors, until such time as the as the Judgment herein is fully satisfied or this order is

6  amended: any and all payments due from the "Obligors" – defined as any and all persons and/or

7  entities from whom (or which) payments are currently due, or may become due, to the Judgment

8  Debtors including the following Obligors:

9      2.1.    Mutual of Omaha Insurance Company;

10      2.2.    United American Insurance Company; and

11      2.3.    American National Insurance Company.

12      3.    That the Obligors shall make any payments now due, or to become due, to the Judgment

13  Creditors directly in care of their attorneys, Kushner Carlson, PC, 15 Enterprise, Suite 110, Aliso

14  Viejo, California 92656, to be applied to the Judgment herein until such Judgment is fully satisfied

15  and/or this Order is amended;

16      4.    That the payments due, or to become due, from Obligors shall include payments made

17  to third parties on behalf of the Judgment Debtors; and

18      5.    That should Judgment Debtors receive any payments from any Obligors, the Judgment

19  Debtors shall immediately pay said payments to the Judgment Creditors in care of the Judgment

20  Creditors' attorneys.

21      NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT DEBTORS TO

22  COMPLY WITH THIS ORDER MAY SUBJECT THE JUDGMENT DEBTORS TO BE HELD IN

23  CONTEMPT OF COURT.

24      **IT IS SO ORDERED.**

25

26  DATED: *1-7-19 TA*    By: *T. Colaw*

    JUDGE OF THE SUPERIOR COURT

27

28

2

[PROPOSED ] ORDER OF ASSIGNMENT; RESTRAINING ORDER

Exhibit 1
015

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA      )
3                        ) ss.
COUNTY OF ORANGE         )

4

5       I am employed in the County of Orange, State of California. I am over the age of 18 and
not a party to the within action. My business address is 15 Enterprise, Suite 110, Aliso
6  Viejo, CA 92656.

7       On January 3, 2014, I served the following document(s) described as follows:

8  **[PROPOSED] ORDER OF ASSIGNMENT; RESTRAINING ORDER**

9       On the following interested parties in this action:

10  James Francis Bartholomew
MBP Insurance Services
11  25011 Calle Arenal
Lake Forest, CA 92630
12  Tel: (949) 456-9509

13

14
    ☒   **VIA MAIL -- CCP §1013(a).**  I caused a true copy of said document(s) to be placed in a
15      sealed envelope, addressed as above and placed for collection and processing under the
        firm's ordinary course of business. I am readily familiar with Kushner Carlson's practice
16      of collecting, processing and depositing correspondence for mailing. Under this practice,
        envelopes would be deposited with the United States Postal Service at Aliso Viejo,
17      California the same day with postage thereon fully prepaid.

18       I declare under penalty of perjury, under the laws of the State of California that the
19  foregoing is true and correct.

20       Executed on January 3, 2014, at Aliso Viejo, California.

21

22                                      Taunya L. Henley

23

24

25

26

27

28

Exhibit 1
016

# EXHIBIT 2

Exhibit 2
017

Joe Bartholomew                                                    949 770 8063                    p.1

5/21/2014                                          CM/ECF – U.S. Bankruptcy Court (v5.1 – LIVE)

United States Bankruptcy Court
Central District Of California

# Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed
under Chapter 11 of the United States Bankruptcy Code, entered on
05/21/2014 at 4:18 PM and filed on 05/21/2014.

**FILED**
**05/21/2014**
**4:18 PM**

**Joseph Francis Bartholomew**



SSN / ITIN: xxx-xx-7672

The case was filed by the debtor's attorney:

**M Jonathan Hayes**
Simon Resnik Hayes LLP
15233 Ventura Blvd Ste 250
Sherman Oaks, CA 91403
818-783-6251

The case was assigned case number 8:14-bk-13214-ES to Judge Erithe A. Smith.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist
at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 411 West Fourth Street, Suite 2030,, Santa
Ana, CA 92701-4593.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy**
**Court**

---

**PACER Service Center**

https://ecf.cacb.uscourts.gov/cgi-bin/NoticeOfFiling.pl?165?481

Exhibit 2
018

# EXHIBIT 3

Exhibit 3
019



**AMERICAN NATIONAL INSURANCE COMPANY**

ONE MOODY PLAZA   GALVESTON, TEXAS 77550-7999   PHONE: 409/763-4661   FAX: 409/766-6663

June 10, 2014

Kushner Carlson
15 Enterprise Suite 110
Aligo Viego, CA 92656
Attention: Robert Paredes

Re:   Case Number 30-2012-00559255-CUBC-CJC
      (MBP Insurance Services, Inc. and Joseph Francis Bartholomew

Dear Mr. Paredes:

On June 9, 2014, American National Insurance Company received a Notice of Bakruptcy Filing which
was filed with the US Bankruptcy Court, Central District of Columbia on May 21, 2014. This document
requires the stay of certain collections and other actions against the debtor or the debtor's property.
Because of this, American National has stayed the garnishment order provided to us on January 31,
2014. There will be no further payments provided for this garnishment until such time that American
National Insurance Company has received a Court Order to instruct us differently. In the meantime,
American National will pay commissions in the ordinary course. We will be in contact should we
receive any further instruction. Thank you.

Regards,

Brian L. Harrison
Legal Assistant (Laws & Regs.)
Corporate Compliance
American National Insurance Company
One Moody Plaza
Galveston, TX 77550
brian.harrison@anico.com

cc:   M. Jonathan Hayes
      Simon Resnik Hayes, LLP
      15233 Ventura Blvd. Suite 250
      Sherman Oaks, CA 91403

Exhibit 3
020

# EXHIBIT 4

Exhibit 4
021

06-20-'14 15:24 FROM- Kushner Carlson PC    9494313031    T-105  P0001/0002 F-203



# KUSHNER CARLSON
PC

---

## FAX TRANSMITTAL

V (949) 421-3030
F (949) 421-3031

SENDER'S E-MAIL – MKUSHNER@KUSHNERCARLSON.COM

| TO: | Brian L. Harrison<br>American National Insurance Company – Laws and Regs. Dept. |
|---|---|
| FAX NO: | (409) 766-6663 |
| PHONE NO: | (409) 763-4661 |
| FROM: | Michael B. Kushner, Esq. |
| DATE: | June 20, 2014 |
| RE: | *Laprima Investments Ltd., et al. v. MBP Insurance Services, Inc./OCSC Case No. 30-2012-00559255* |
| NO. OF PAGES INCLUDING COVER: | 2 |

MESSAGE:

Mr. Harrison,

I received your letter of June 10, 2014 regarding American National Insurance Company's ("ANICO") intention to cease forwarding MBP Insurance Services, Inc.'s ("MBP") and Joseph Bartholomew's commission payments to my office in accordance with the superior court's April 24, 2014 Assignment Order. *Please forward this correspondence to your supervising attorney at ANICO to prevent the filing of a contempt motion with the superior court.*

Mr. Bartholomew conducts all of his insurance related business through his corporation, MBP. ANICO has historically made all payments jointly to Mr. Bartholomew and MBP. Consequently, the Assignment Order applies both to Mr. Bartholomew as an individual, as well as to MBP. And since MBP has not sought protection under the Bankruptcy Code and is not therefore subject to the stay, the Assignment Order is still in effect and ANICO is still required to forward all such payments to my office.

Please contact me immediately to confirm that ANICO will abide by the Court's Assignment Order and continue making payments to my office. If I do not hear from you by June 25, 2014, I

---

15 ENTERPRISE, SUITE 110, ALISO VIEJO, CA 92656 • PHONE 949.421.3030 • FAX 949.421.3031

Exhibit 4
022

will assume ANICO does not intend to abide by the Court's order, and I will seek Court
intervention to ensure that it does.

I look forward to your response.

Michael B. Kushner

Exhibit 4
023

# EXHIBIT 5

Exhibit 5
024

Redacted
Joseph Bartholomew and MBP Insurance Services, Inc.

**From:** "Michael B. Kushner" <mkushner@kushnercarlson.com>
**To:** "Harrison, Brian" <Brian.Harrison@ANICO.COM>
**Date:** 8/11/2014 10:39 AM
**Subject:** Joseph Bartholomew and MBP Insurance Services, Inc.
**CC:** 'Robert Parades' <rparedes@kushnercarlson.com>, 'Jonathan Kent' <Jkent@k...

Brian,

I just left you a telephone message, which followed one from my associate on Friday of last week. Please call me to discuss.

In the meantime, there is a problem.  As you'll recall, on June 20, 2014, I sent you correspondence wherein I demanded that all sums due to MBP be directed to my office pursuant to the Assignment Order awarded by the Court notwithstanding the *personal* bankruptcy of Joseph Bartholomew.  I contended, as I still do, that because:

> Mr. Bartholomew conducts all of his insurance related business through his corporation, MBP. . . [and because] ANICO has historically made all payments jointly to Mr. Bartholomew and MBP. . .the Assignment Order applie[d] both to Mr. Bartholomew as an individual, as well as to MBP.  And since MBP ha[d] not sought protection under the Bankruptcy Code and [was] not therefore subject to the stay, the Assignment Order [was] still in effect and ANICO [was] still required to forward all such payments to my office.

In your email to me of June 25, 2014, you agreed and committed to ensuring that ANICO abided by the Court's Order.

However, when my office failed to receive the payment(s) due to MBP last month, on August 8, 2014, my associate, Jonathan Kent, called to inquire.  He was told by someone named "Misty" at ANICO that no payments directed to MBP had gone out, and instead only payments directed to Mr. Bartholomew had gone out.  Given that ANICO has always made payments to Mr. Bartholomew AND MBP jointly in the past, there is absolutely no reason why that should've changed.  Payments made to both jointly are subject to the Order and my office is entitled to receipt of those payments.

Exhibit 5
025

Redacted

If ANICO recently made a determination to issue the payments solely to Mr. Bartholomew, either on its own accord or at the specific request of Mr. Bartholomew or his bankruptcy attorney, then ANICO has conspired with Mr. Bartholomew to defraud my client and a Motion for Contempt will be filed immediately.

Please call me to discuss.  If my facts are incorrect, I'd be happy to discuss the matter.  If, however, a change in policy occurred recently that changed the characterization of payments to ensure that they were delivered to Mr. Bartholomew (or his attorney) instead of rightfully being subject to the Court's Assignment Order, then demand is made that ANICO issue check(s) to my firm in the amounts submitted to Mr. Bartholomew or his counsel, and work the details concerning repayment of those sums with Bartholomew and co.

If I don't hear from you by Noon tomorrow, a Motion for Contempt will be filed.

MICHAEL B. KUSHNER, ESQ.
KUSHNER CARLSON, PC
15 ENTERPRISE, SUITE 110
ALISO VIEJO, CA 92656
V (949) 421 - 3030
F (949) 421 - 3031

WWW.KUSHNERCARLSON.COM

This email and any files transmitted with it may contain confidential information that is legally privileged and is intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, dissemination, distribution, or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this email in error please notify the sender by reply email or by telephone at (949) 421-3030 and destroy the original transmission and its attachments without reading or saving them in any manner.

To comply with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this e-mail, including attachments, is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any penalties that may be imposed by the Internal Revenue Service.

Exhibit 5
026

# EXHIBIT 6

Exhibit 6
027



**DANA M. DOUGLAS**
Attorney at Law

Tel 1+ 818.360.8295
Fax 1+ 213.270.9456
11024 Balboa Blvd., No. 431
Granada Hills, CA 91344
dana@danamdouglaslaw.com
www.danamdouglaslaw.com

October 16, 2014

*Via Facsimile Only:  409-766-2988*

American National Insurance Company
Post Office Box 1762
Galveston, Texas 77553

RE: In re Bartholomew: Case No. 8:14-bk-13214-TA

To Whom It May Concern,

This office has assumed the representation of Joseph F. Bartholomew in his Chapter 11 case filed on May 21, 2014 in the United States Bankruptcy Court for the Central District of California, Bankruptcy Case No. 8:14-bk-13214-TS. A true and correct copy of the Notice of Bankruptcy Case Filing is attached.

Upon the filing of Mr. Bartholomew's Chapter 11 Bankruptcy case, the Automatic Stay provided by 11 U.S.C. §362 went into effect and, as a result, his creditors were prohibited from making any further attempt to collect any alleged debt. As such, any wage garnishments or levies made on your
office for collection before or after commencement of the bankruptcy case are no longer effective.

You were advised of the bankruptcy filing and the prohibition on further levies or garnishments on or about June 10, 2014 by Simon Resnik Hayes – Mr. Bartholomew's previous counsel in the bankruptcy.

At that same time you were advised that all funds due to Mr. Bartholomew by your company and being held due to a levy or garnishment must be forwarded to him, in a check can be made out
to "Joseph F. Bartholomew - Debtor-in-Possession" if desired.

I have learned that American National Insurance Company is, again, withholding funds pursuant to a levy to which the above language concerning the automatic stay continues to apply.  Continuing to withhold the funds constitutes a violation of the automatic stay which will be deemed a contempt of the bankruptcy court's authority.

I am writing you to advise of this situation and our intent to file a request for an order to show cause why American National Insurance Company should not be deemed to be in contempt of the automatic stay and punished accordingly.  Please contact me immediately to advise that the funds have been released to Mr. Bartholomew or of your valid reason for American National Insurance Company's contempt of the automatic stay.

I can be reached as above.  Thank you.

Very truly yours,

*Dana M. Douglas*

Attachment

Exhibit 6
028

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)

United States Bankruptcy Court
Central District Of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 11 of the United States Bankruptcy Code,
entered on 05/21/2014 at 4:18 PM and filed on 05/21/2014.



**FILED**
**05/21/2014**
**4:18 PM**

**Joseph Francis Bartholomew**



SSN / ITIN: xxx-xx-7672

The case was filed by the debtor's attorney:

**Dana M Douglas**
11024 Balboa Blvd #431
Granada Hills, CA 91344
818-360-8295

The case was assigned case number 8:14-bk-13214-TA to Judge Theodor Albert.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 411 West Fourth
Street, Suite 2030,, Santa Ana, CA 92701-4593.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy**
**Court**

https://ecf.cacb.uscourts.gov/cgi-bin/NoticeOfFiling.pl?1652481

Exhibit 6
029